IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HAROLD LATIN                                                                               PLAINTIFF

v.                              Civil No. 4:22-cv-04053

DR. RONALD SCOTT EXUM, Emergency Room
Physician at Wadley Regional Medical Center;
SHERIFF DANNY MARTIN, Nevada County;
LIEUTENANT KAREN GROMBLEY, Nevada
County Detention Center; and WADLEY REGIONAL
MEDICAL CENTER                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff Harold Latin filed his original Complaint in this lawsuit on June 21, 2022. (ECF No. 1). His application to proceed *in forma pauperis* was granted on July 5, 2022. (ECF No. 5). In response to this Court's order, Plaintiff filed an Amended Complaint on August 30, 2022. (ECF No. 8). He names the following persons as Defendants: Dr. Ronald Scott Exum - an emergency room physician at Wadley Regional Medical Center; Danny Martin, the Sheriff of Nevada County;

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Karen Grombley, a Lieutenant at the Nevada County Detention and Center; and Wadley Regional Medical Center ("WRMC"), a hospital located in Hope, Arkansas. *Id.* at pp. 2-3. He is suing Defendants in both their individual and official capacities and is seeking compensatory damages. *Id.* at pp. 5-9.

In the Amended Complaint Plaintiff alleges Defendants Grombley and Martin denied him medical care on November 16, 2018, after he slipped and fell in the NCDC and was taken to the WRMC for evaluation and treatment. (ECF No. 8, p. 4). He also alleges Defendants Exum and WRMC misdiagnosed his injuries that same day and failed to give him the medication he needed for injuries to his head. *Id.* at p. 8.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 claims are governed by the personal injury statute of limitations of the state where the claim arose and, in Arkansas, that is three years. Ark. Code Ann. § 16-56-105 (2005); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). Here, according to Plaintiff's Complaint, the events at issue occurred in November of 2018. Accordingly, the deadline for Plaintiff to file any claims relating to the alleged denial of medical care would have been in November of 2021.

As previously stated, Plaintiff's Complaint was not filed until June 21, 2022 – seven months after the statute of limitations had run. Therefore, Plaintiff's claims for denial of medical set forth in the Amended Complaint are barred by the statute of limitation and Plaintiff has failed to state any claims upon which relief could be granted.[2]

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Amended Complaint (ECF No. 8) be **DISMISSED WITH PREJUDICE**.

---

[2] In addition, Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Here Plaintiff has not alleged any facts showing Defendants Exum or WRMC were acting under color of state law during any of the events on which this lawsuit is based.

Adoption of these recommendations would result in the dismissal of the entire action. In that event, I further recommend: (1) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this action would not be taken in good faith; (2) Plaintiff be warned that a dismissal of this case may be counted as a strike for purposes of 28 U.S.C. § 1915(g); and (3) the **Clerk** be directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 9th day of September 2022.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE